IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| BRITTANY GOKHMAN, *individually and on behalf of all others similarly situated,* 110 Tanyard Road Richboro, PA 18954 : : : : : : Plaintiff, : : v. : : ACTALENT, INC. 7301 Parkway Drive Hanover, MD 21076 : : : : : : Defendant. : | Civil Action: _____ JURY TRIAL DEMANDED |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Brittany Gokhman ("Plaintiff"), by and through her undersigned counsel, brings this action individually and on behalf of all other persons similarly situated against Actalent, Inc. ("Defendant") and alleges, upon personal belief as to her own acts, and upon information and belief as the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant unlawfully failed to pay her and other similarly situated individuals employed in the position of Recruiter, or in positions with similar job duties ("Class Plaintiffs"), overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, et seq.

2. At all times material hereto, Plaintiff was employed by Defendant in the position of Recruiter. Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week

1

but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendant unlawfully misclassified her and Class Plaintiffs as exempt employees under the FLSA and PMWA and failed to accurately track and pay them for all hours worked.  Accordingly, Plaintiff contends that she and Class Plaintiffs are owed unpaid wages and overtime compensation, which were denied to them as a result of Defendant's unlawful pay practices.

3. Plaintiff brings this action as a representative action under the FLSA and PMWA seeking monetary damages, declaratory and injunctive relief, and other equitable ancillary relief, to seek redress to Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as Plaintiffs' FLSA claims.

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and this judicial district

## **PARTIES**

8. Plaintiff currently resides at 110 Tanyard Road, Richboro, PA 18954, and is a former employee of Defendant.

9. Defendant is a "private employer" and covered by the FLSA.

10. Upon information and belief, Actalent, Inc. is a for-profit business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business, and is engaged in business, in the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania, with a principal place of business located in the Eastern District of Pennsylvania, and in the Commonwealth of Pennsylvania, and an office address registered with the Pennsylvania Secretary of State of 620 W. Germantown Pike, Suite 100, Plymouth Meeting, PA 19462.

11. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000.00, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle or otherwise work on goods or materials that have been moved in or produced for commerce.

12. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

13. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff, and all similarly situated current and former employees of Defendant.

16. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Recruiter, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek due to their misclassification as "exempt" under the FLSA and who were paid on a salary basis ("Class Plaintiffs").

17. Plaintiff estimates that there are approximately forty-five (45) other similarly situated Recruiters who either are working or have worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this collective action by direct mail and/or publication.

18. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as exempt employees, had the same or similar job classifications and job

duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

19. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## OVERTIME CLASS ACTION ALLEGATIONS

20. Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21. Plaintiff brings this action individually, and on behalf of the following class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant in the position of Recruiter, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek due to their misclassification as "exempt" under the FLSA and who were paid on a salary basis ("Class Plaintiffs").

22. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

23. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Defendant improperly classified Plaintiff and the Class as exempt employees under the PMWA;

C.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

D.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

E.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

24.    Plaintiff's claims are typical of the claims of the Class Members as has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

25.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28.      A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

29.      Paragraphs 1 through 28 are hereby incorporated by reference as though the same were fully set forth at length herein.

30.      Plaintiff began her employment with Defendant on or around April 19, 2021, when she was hired into the position of Recruiter in Defendant's Plymouth Meeting, PA location.

31.      Defendant compensated their Recruiters on a salary basis for all hours worked.

32.      Plaintiff was paid a salary of $55,000.00 per year.

33.      Plaintiff was "scheduled" to work from 8:00 am – 5:00 pm, five days per week.

34. However, despite Plaintiff's "scheduled" hours, Plaintiff actually and routinely worked from 8:00 am to 6:30 pm or 7:00 pm.

35. Thus, during a typical week, Plaintiff worked, on average, approximately fifty (50) to fifty-five (55) hours.

36. At all times relevant hereto, Defendant considered their Recruiters to be "exempt" employees within the meaning of the FLSA and PMWA's overtime requirements.

37. Accordingly, Plaintiff was not compensated for all hours worked over forty (40) hours, despite the fact that Plaintiff worked approximately fifty (50) to fifty-five (55) hours per week.

38. Plaintiff was not compensated at 1.5 times her regular rate of pay for all hours worked over forty (40) hours each week.

39. In their capacities as Recruiters, Plaintiff and Class Plaintiffs' primary job responsibilities included recruiting candidates, scheduling, and coordinating job interviews for hiring companies.

40. In very rare circumstances, Recruiters could possibly also be tasked with assisting hiring companies with onboarding paperwork and conducting follow-up correspondence with potential candidates.

41. Plaintiff and Class Plaintiffs provided the aforementioned services on a schedule determined by Defendant, who instructed Plaintiff where and when to report to work.

42. Defendant maintained similar control over the manner by which Plaintiff and Class Plaintiffs performed their duties as a Recruiter, in that Defendant was responsible for assigning specific job duties and work to Plaintiff and Class Plaintiffs.

43. Defendant unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt" employees, thus determining that they were not entitled to overtime compensation under the FLSA/PMWA.

44. Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA/PMWA in a conspicuous space for Recruiters to readily read.

45. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA/PMWA.

46. In violation of the FLSA/PMWA, Defendant failed to accurately track, record, and report all the hours worked by Plaintiff and Class Plaintiffs.

47. Plaintiffs and Class Plaintiffs were non-exempt employees within the meaning of the FLSA/PMWA.

48. Plaintiff and Class Plaintiffs did not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies or operating practices, but instead performed their job duties to specific instructions and/or guidelines provided by Defendant.

49. As such, Plaintiff and Class Plaintiffs' primary job duties did not include the performance of work requiring advanced knowledge and the consistent exercise of discretion and judgment.

50. Moreover, Plaintiff and Class Plaintiffs did not have the authority to commit Defendant in matters having significant financial impact, nor did they have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

51. Accordingly, Plaintiff and Class Plaintiffs did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA while employed in the position of Recruiter.

52. Moreover, in the position of Recruiter, Plaintiff and Class Plaintiffs' job did not involve any managerial responsibilities, nor did Plaintiff and Class Plaintiffs have any employees reporting to them or to whom they regularly gave direction.

53. Furthermore, Plaintiff and Class Plaintiffs did not have the authority to hire or fire other employes, nor did they make any suggestions or recommendations regarding hiring or employee status changes to which Defendant lent significant weight.

54. Accordingly, Plaintiff and Class Plaintiffs did not qualify for the exemption for executive employees under the FLSA/PMWA while employed in the position of Recruiter.

55. Plaintiff and Class Plaintiffs did not qualify for the exemption for learned professionals under the FLSA/PWMA. Plaintiff and Class Plaintiffs did not perform work requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff and Class Plaintiffs' job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

56. Accordingly, Plaintiff and Class Plaintiffs did not qualify for the learned professional exemption under the FLSA/PWMA while employed in the position of Recruiter.

57. There are no other exemptions under the FLSA/PMWA which could arguably be applicable to Plaintiff and Class Plaintiffs in their position of Recruiters.

58. Plaintiff and Class Plaintiffs were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore, entitled to overtime compensation for all hours worked over forty (40) in a week.

59. Furthermore, and despite Defendant's classification of Plaintiff and Class Plaintiffs as exempt employees, in the event Plaintiff and Class Plaintiffs needed to miss as little as a partial

day of work, Defendant automatically required the use/deduction of Plaintiff and Class Plaintiffs personal time off (PTO).

60. Thus, pursuant to Defendant's policies and practices, Plaintiff and Class Plaintiffs, as "salaried" employees of Defendant, were subject to deductions from their PTO and/or pay for partial absences from work.

61. Upon information and belief, in the event that Plaintiff and Class Plaintiffs did not have sufficient PTO to cover the time deducted, it is Defendant's policy and practice to deduct that time from their pay.

62. The pay deduction policy utilized by Defendant constitutes a "clear and particularized policy," which effectively communicates that deductions will be made in specific circumstances disallowed under the FLSA and PMWA, including for absences lasting less than one full day.

63. An employer is not entitled to claim any exemption under the FLSA or PMWA requiring the payment of compensation on a salary basis if said employer has an "actual practice" of making improper deductions from salary.

64. As a result of Defendant's aforesaid actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

65. Paragraphs 1 through 64 are hereby incorporated by reference as though the same were fully set forth at length herein.

66. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

67. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

68. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.

69. As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

70. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

71. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

72. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

      B.      An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the position of Recruiter, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on a salary basis and denied overtime compensation at their regular rate of pay for all hour worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

      C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

      D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

      E.      Awarding Plaintiff and Class Plaintiffs unpaid overtime compensation in an amount consistent with the FLSA;

      F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

      G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

      H.      Awarding pre- and post-judgment interest and court costs further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

73. Paragraphs 1 through 73 are hereby incorporated by reference as though the same were fully set forth at length herein.

74. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

75. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

76. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

77. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

  A. An Order certifying this case as a class action and designating Plaintiff as the representative for the Class and her counsel as class counsel;

  B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

  C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

  D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   */s/ Andrew J. Schreiber*
   Andrew J. Schreiber, Esquire
   Michael Murphy, Esquire
   Eight Penn Center, Suite 2000
   1628 John F. Kennedy Blvd.
   Philadelphia, PA 19103

                                TEL: 267-273-1054
                                FAX: 215-525-021
                                aschreiber@phillyemploymentlawyer.com
                                murphy@phillyemploymentlawyer.com
                                Attorneys for Plaintiff

**Dated:** October 30, 2023

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.